UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-CV-00368-FDW-DSC

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC, A DELAWARE LIMITED LIABILITY COMPANY, SUCCESSOR TO PNCEF, LLC D/B/A PNC EQUIPMENT FINANCE, AN INDIANA LIMITED LIABILITY COMPANY, F/K/A NATIONAL CITY COMMERCIAL CAPITAL COMPANY, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>SKYBROOK GOLF CLUB, DBA SKYBROOK GOLF CLUB & IRI GOLF MANAGEMENT, LP,<br><br>        Defendants. | **ORDER &**<br>**ENTRY OF JUDGMENT** |

**THIS MATTER** is before the Court upon Plaintiff PNC Equipment Finance, LLC's Motion for Default Judgment Against Defendants Skybrook Golf Club, LLC dba Skybrook Golf Club [("Defendant Skybrook")] and IRI Golf Management [("Defendant IRI Golf")]. (Doc. No. 8). Upon review by the Court, Plaintiff's Motion is hereby GRANTED with a few variations as described in this Order, and default judgment is entered against Defendants. Defendants are ORDERED to pay Plaintiff $147,954.55 with interest calculated individually for each specific unmade payment, and to pay Plaintiff's costs and attorneys' fees. Furthermore, Defendant Skybrook is ORDERED to return the equipment at issue in this case to Plaintiff, who the Court considers to be its permanent owner.

Plaintiff alleges that, on approximately July 20, 2008, Defendant Skybrook executed a

Lease Agreement ("the Lease") for a certain set of equipment (the "Equipment")[1] with National City Golf Finance, which is a division of National City Commercial Capital Company, LLC ("National"). IRI Golf executed a corporate guarantee regarding any lease agreement entered into by and between Skybrook and National. This Lease required monthly payments in exchange for leasing the Equipment. Plaintiff is the successor in interest to the Lease. Skybrook defaulted under the Lease, in part, for failure to make monthly rental payments on or after July 15, 2011. On approximately January 25, 2012, Plaintiff and both Defendants entered into a Settlement Agreement and Mutual Release ("Settlement Agreement") to resolve the default. Following a failure by Defendants to make payments under the Settlement Agreement, Plaintiff brought the present Complaint.

Plaintiff originally filed this case in this Court on June 14, 2013, making claims for breach of contract, conversion, claim and delivery, and attorneys' fees. (Doc. No. 1). On July 1, 2013, Plaintiff filed an Affidavit of Service with the Court indicating that Defendant Skybrook was served with a summons and complaint by certified mail on June 22, 2013 and that Defendant IRI Golf was served with a summons and complaint by certified mail on June 24, 2013. (Doc. No. 4). However, as of September 9, 2013, Defendants had still not filed an answer to Plaintiff's Complaint. Following an Order to Show Cause by this Court, (Doc. No. 5), Plaintiff moved for an entry of default on September 12, 2013, (see Doc. No. 6), and default was entered by the Clerk's Office on September 13, 2013. (See Doc. No. 7). Plaintiff filed the present Motion on September 16, 2013. (Doc. No. 8).

---

[1] Documents in this case refer to the Lease as "Lease No. 113684000." The language in the Lease states that the Lease is for equipment listed on the attached Schedule A. The Court notes that in one copy of the Lease filed with the Court as Exhibit 1 to the Motion, both the Lease and its Schedule A do not have a lease number. (See Doc. No. 8-1). However, the Lease and Schedule A included in the Complaint both make clear that they are for Lease No. 113684000. As such, all references to "the Equipment" refer to the items listed on Schedule A for Lease No. 113684000 appearing as part of Doc. No. 1.

The award of default judgment is governed by Rule 55(a) of the Federal Rules of Civil Procedure, which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Upon entry of default, a defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); Weft, Inc. v. GC Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (citations omitted); see also Fed. R. Civ. P. 8(b)(6) ("An allegation-other than one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied."). However, the defendant is not deemed to have admitted conclusions of law, and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Ryan, 253 F.3d at 780 (citations omitted); see also E.E.O.C. v. Carter Behavior Health Servs., Inc., No. 4:09–cv–122–F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. See Ryan, 253 F.3d at 780 (citing Weft, 630 F. Supp. at 1141); DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) (a "'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law'") (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); Arista Records, LLC v. Gaines, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a

general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the court finds that liability is established, it must then determine damages. Carter Behavior Health, 2011 WL 5325485, at *4 (citing Ryan, 253 F.3d at 780-81; Gaines, 635 F. Supp. 2d at 416-17). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See E.E.O.C. v. North Am. Land Corp., No. 1:08–cv–501, 2010 WL 2723727, at *2 (W.D.N.C. Jul.8, 2010).

As Defendants have defaulted on Plaintiff's Complaint, the Court accepts the allegations in the Complaint as true and now turns to the issue of damages. In its Complaint, Plaintiff seeks the following damages:

(a) That Plaintiff have permanent possession of the Equipment and all products and / or proceeds thereof;
(b) That the Equipment identified in Schedule A to Exhibit A to this Complaint be returned to Plaintiff;
(c) That Plaintiff be adjudged the owner of and entitled to immediate possession of the Equipment identified in Schedule A to Exhibit A to this Complaint;
(d) That the Plaintiff have and [sic] order foreclosing its security interest in the Equipment, granting Plaintiff or an officer of the Court the authority and right to sell the Equipment and apply the proceeds of said sale to the aforesaid indebtedness; and that in the event the Court orders the marshal or other officer of the Court to sell the Equipment, that the Clerk be directed to issue such order to any marshal or other officer of the Court or

4

the State of North Carolina and that he be directed to seize and sell the Equipment as under execution subject to the indebtedness in favor of Plaintiff and that the order of sale have all force and effect of a writ of possession as between the parties to this suit and any person claiming under Defendants;
(e) That Plaintiff have judgment [entered] against Defendants in the amount of $158,681.22;
(f) That this Court award Plaintiff its costs, including reasonable attorneys' fees, incurred in filing and prosecuting this action pursuant to N.C. Gen. Stat. § 6-21.2 and/or any other applicable provision of law;
(g) That this Court award Plaintiff such other and further relief to which it may be entitled, or as is just and proper.

(Doc. No. 1). In its Motion itself, however, Plaintiff asks for "Judgment by Default against Defendants . . . in the amount of $158,681.22, plus interest at the statutory rate from July 15, 2012, attorney's fees and costs as well as possession of that certain equipment listed on Exhibit A hereto." (Doc. No. 8).

The Court begins with the issue of monetary damages. In the Settlement Agreement, the Defendants agreed that "the outstanding balance due and owing PNC . . . is $421,434.67 . . . and that each is liable to PNC for payment of [such]." (Doc. No. 1-2). However, it was agreed that Skybrook and/or IRI Golf would pay only $296,250.00 to settle the matter. A payment schedule was established as follows:

(i) One (1) payment of $25,000.00 on or before January 31, 2012;
(ii) Eleven (11) payments of $24,659.09 each, commencing on or before February 15, 2012 and continuing on the 15th day of each successive month thereafter for eleven (11) months.

(Doc. No. 1-2).[2]

According to Plaintiff, Defendants failed to make required payments under the Settlement Agreement, but does not specify exactly when payments stopped. (Doc. Nos. 1, 8-1). As Plaintiff is requesting interest from July 15, 2012, it appears to the Court that Plaintiff is alleging

---

[2] The Court notes that these figures actually add up to $296,249.99.

5

that Defendants' last payment was on June 15, 2012. However, it is unclear how Plaintiff has determined that it is owed $158,681.22 by Defendants. Assuming that Defendants made the first six payments in the list above, they would have paid Plaintiff a total of $148,295.45. Subtracting that figure from $296,250.00 yields a total amount of $147,954.55. For this reason, the Court will use that figure and not Plaintiff's. As an additional note, the Settlement Agreement states that Defendants owe a total of $421,434.67 under the Lease. Settling this debt for $296,250.00 amounts to Defendants paying slightly more than seventy percent (70%) of what they owe to Plaintiff. The Court sees no reason why such settlement terms would be improper in this case. As such, this portion of Plaintiff's Motion is granted, and Defendants are hereby ordered to pay Plaintiff the remaining unpaid portion of the Amended Settlement Agreement of $147,954.55.

Plaintiff also seeks interest "at the statutory rate," (Doc. No. 8) on this payment beginning from July 15, 2012. The Settlement Agreement contains a choice of law provision, stating "[t]he validity, effect and construction of this Amended Agreement and any obligations taken pursuant thereto shall be determined, construed and governed in accordance with the laws of the State of Ohio." (Doc. 1-2). As such, the Court turns to Ohio law for guidance in this matter. In S & D Mechanical Contractors, Inc. v. Enting Water Conditioning Systems, Inc., the Court of Appeals of Ohio stated that "[i]n an action based on breach of contract, damages based on interest are generally recoverable." 593 N.E.2d 354, 362 (citing Champion Ice Mfg. & Cold Storage v. Penn Iron Works Co., 67 N.E. 486 (1903)). Furthermore, "[i]nterest is especially recoverable when the breach consists of failure to pay money because the interest actually represents the value lost on the use of the money." Id. (citing Champion Ice Mfg., 68 Ohio St. 229, 234). As Ohio law generally allows for the recovery of interest for contractual breaches and especially for failure to pay money, and because the breach in this case involves a failure to pay

money, the Court holds that the award of interest is appropriate. Accordingly, Plaintiff's Motion is granted regarding the award of interest on the remaining unpaid portion of the Amended Settlement agreement of $147,954.55. However, while Plaintiff appears to seek to have interest awarded on the entire amount beginning from the date of the first missed payment, the Court does not believe this is appropriate. Instead, Defendant is only ordered to pay interest on each unmade payment from the time it was due until it is paid.

With respect to attorneys' fees and costs, the Settlement Agreement states that "[i]n the event that legal action is commenced by a Party to seek enforcement of this Amended Agreement or damages from its breach, the prevailing Party, in addition to any penalties that it may be entitled to, shall be entitled to recover the costs and reasonable attorneys' fees in connection with that action. Otherwise, except as expressly set forth herein, each party shall bear its own [such expenses.]" (Doc. No. 1-2). Furthermore, under Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." As the clear language of the agreement requires that attorneys' fees and costs may be awarded, and Rule 54(d)(1) requires the losing party to pay the costs of the prevailing party, the Court also grants this portion of Plaintiff's Motion. Defendants are hereby ordered to pay Plaintiff's attorneys' fees and costs for this action.

Finally, the contract specifies that "[i]f an Event of Default occurs under this Agreement, Skybrook shall immediately return [the] Equipment . . . to PNC at Skybrook's cost in accordance with Paragraphs 8 and 9 of [the] Lease . . . ." (Doc. No. 1-2). Under the Amended Settlement Agreement, default very specifically includes "IRI and/or Skybrook fail[ing] to pay any installment of the Settlement Amount . . . ." (Doc. No. 1-2). As Defendants have failed to make

the required payments, it is accordingly clear to the Court that Defendant Skybrook is obligated to return the Equipment to Plaintiff.  As such, the portion of Plaintiff's Motion seeking to have the Equipment returned is hereby granted.  Defendant Skybrook is ordered to return the Equipment to Plaintiff in the manner described in the original Lease.  The Court considers Plaintiff the permanent owner of the Equipment and holds that Plaintiff is entitled to its immediate possession.

For the above reasons, Plaintiff's Motion is hereby GRANTED with a few variations as described in this Order, and default judgment is entered against Defendants.  Defendants are ORDERED to pay Plaintiff $147,954.55 with interest calculated individually for each specific unmade payment, and to pay Plaintiff's costs and attorneys' fees.  Furthermore, Defendant Skybrook is ORDERED to return the Equipment to Plaintiff, who the Court considers to be the Equipment's permanent owner.  If Defendant Skybrook fails to return the Equipment to Plaintiff, Plaintiff may not attempt to repossess the Equipment on its own, but may request that the Court direct the United States Marshal for the Western District of North Carolina to seize the Equipment and return the Equipment to Plaintiff.  Any motion or application making such a request must be accompanied by a sworn affidavit by Plaintiff and an appropriately completed Form USM-285.  The costs of such a seizure by the Marshal must first be borne by Plaintiff, but Plaintiff may then add said costs to the costs already due and owing under this Judgment.  The Clerk's Office is DIRECTED to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: September 19, 2013

Frank D. Whitney
Chief United States District Judge